UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, Mother of JANE DOE, MINOR, et al.,[1] | ) ) ) | CASE No. 5:09CV1647 |
| Plaintiffs, | ) ) ) | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | ) ) | |
| JACKSON LOCAL SCHOOLS SCHOOL DISTRICT, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

The instant matter is before the Court on Defendant Jackson Local School District Board of Education, Gus Dieringer, Lili Genetin, and Gary Villard's (collectively, "Defendants") Motion for Summary Judgment. ECF Dkt. #19. For the following reasons, the Court GRANTS Defendants' motion:

I. **PERTINENT FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Jane Doe Mother ("Plaintiff") alleges that her daughter, Jane Doe Minor,[2] is a 13

---

[1] *See* L.R. 8.1(a)(2).

[2] The Complaint names Jane Doe Minor as a plaintiff, however, her claim must be pursued by a guardian, a next friend, or a guardian ad litem. *See* Fed. R.Civ. P. 17(c); *Noe v. True*, 507 F.2d 9, 11 (6th Cir.1974) ("It has been held that the failure to consider the necessity for a guardian ad litem and to make a determination appointing one, or finding that the minor's interests were protected without one, is fatal to the judgment rendered under such circumstances. *Roberts v. Ohio Casualty Ins. Co.*, 256 F.2d 35 (5th Cir. 1958). We hold that the district judge erred here in failing to consider and rule upon the guardian ad litem question."); *see also* Wright, Miller& Kane, Federal Practice & Procedure, 6A Fed. Prac. & Proc. Civ. § 1570 (2d ed.) citing *Fonner v. Fairfax County, VA*, 415 F.3d 325(4th Cir. 2005) ("If the party is found to be an infant or incompetent and is not represented by a guardian, the federal court either must appoint a guardian or take other measures to ensure that his interests are protected."). Since it is undisputed that Jane Doe Minor is a mentally handicapped minor, the Court dismisses Plaintiff Jane Doe Minor's claims and construes those claims as being brought by Jane Doe Mother on behalf of Jane Doe Minor.

year-old, mentally handicapped, African-American who was the victim of numerous sexual assaults. ECF Dkt. #1 at ¶¶ 7, 14, 15.  Plaintiff alleges that Jane Doe Minor was a student at Jackson local Schools receiving transportation to and from school by Defendants Dieringer, Genetin, and Villard on the Jackson Local Schools mini-van.  *Id*. at ¶16-17.  Plaintiff alleges that Jane Doe Minor rode in the back of the mini-van with older white male students, including Justin Abney.  *Id*. at ¶19.

Plaintiff alleges that in 2002, Jane Doe Minor was sexually assaulted and raped by Justin Abney while on Defendant Jackson Schools' mini-van and in the presence of "Defendants."[3]  ECF Dkt. #1 at ¶20.  Plaintiff alleges that sexual assaults and rapes continued to occur on the mini-van in the presence of "Defendants" for over one and one-half years.  *Id*. at ¶21.

Plaintiff alleges that Justin Abney was charged with raping and sexually assaulting Jane Doe Minor, and on March 29, 2005, he plead guilty.  ECF Dkt. #1 at ¶23.

On June 24, 2005, Plaintiff filed a complaint against Defendants and Justin Abney in the Stark County Court of Common Pleas (hereinafter "the 2005 suit") asserting claims of: (1) negligence; (2) assault and battery; (3) loss of consortium; (4) intentional infliction of emotional distress; and (5) sexual assault, battery and rape.  ECF Dkt. #19, Ex. A.  Plaintiff later amended the complaint to include a sixth cause of action against Abney for willfully and maliciously assaulting Jane Doe Minor by means or force likely to produce great bodily harm.  *Id*.  Plaintiff filed a second amended complaint, which maintained six causes of action as enumerated above.  *Id*.  Defendants filed a motion for summary judgment, which the trial court denied on June 22, 2006.  ECF Dkt. #19, Ex. B at ¶1.  On July 26, 2007, the Ohio Court of Appeals for the Fifth Appellate District reversed the trial court's denial of summary judgment and remanded the case to the trial court.  ECF Dkt. #19, Ex. B.  Plaintiff appealed the decision to the Supreme Court of Ohio, but the court declined jurisdiction as not involving a substantial constitutional question.  ECF Dkt. #19, Ex. C.

On July 16, 2009, Plaintiff filed the instant complaint pursuant to Title IX of the Civil Rights Act of 1964 (Count I); 42 U.S.C. §1983 (Counts II-IV); 42 U.S.C. §2000d (Count V); and

---

[3] The complaint does not specify which defendants were present.

4112.01(9)[4] (Count VI). ECF Dkt. #1. In Count One, Plaintiff alleges that Defendant Jackson Local Schools acted with deliberate indifference to the rights of Jane Doe Minor through its gender based harassment and discrimination. *Id.* at ¶24. In Count Two, Plaintiff alleges that the actions of all Defendants were taken under color of state law because Defendants used their state authority to deny Jane Doe Minor her constitutional right of equal protection under the Fourteenth Amendment. *Id.* at ¶38. In Count Three, Plaintiff alleges that Defendants discriminated against Jane Doe Minor on the basis of her mental disability, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *Id.* at ¶¶52, 53. In Count Four, Plaintiff alleges that she has experienced significant additional trauma in caring for Jane Doe Minor as a result of gender harassment, gender discrimination, and disability discrimination. *Id.* at ¶66. She "demands intentional infliction of emotional distress in violation of the Equal Protection Clause of the Fourteenth Amendment, damages under 42 U.S.C. 1982 against all Defendants, in their individual and official capacities . . ." *Id.* at ¶67. In Count Five, Plaintiff alleges that Defendants racially discriminated against Jane Doe minor. *Id.* at ¶¶79, 80. In Count Six, Plaintiff again alleges racial discrimination. As noted in footnote 4, supra, it appears that this claim is based upon a state statute but that Plaintiff has provided the incorrect citation. *See id.* at ¶¶92, 93.

On December 11, 2009, Defendants filed the instant motion for summary judgment. ECF Dkt. #19. On January 8, 2010, Plaintiff filed a brief in response to the motion. ECF Dkt. #20. On January 21, 2010, Defendants filed a reply. ECF Dkt. #22.

## II. STANDARD OF REVIEW

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir. 1982). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is

---

[4] The complaint purports to rely upon "4112.01(9)," which is apparently reference to a section of the Ohio Revised Code. However, the Court is unable to locate this section of the Ohio Revised Code. *But see* O.R.C. §4112.02(G).

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C).

The party moving for summary judgment has the burden of showing there exists no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This burden can be discharged by showing that the nonmoving party has failed to establish an essential element of his case, for which he bears the ultimate burden of proof at trial. *See e.g., Catrett v. Celotex Corp.*, 477 U.S. 317, 323 (1986); *Morales v. Am. Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995). The evidence and all the inferences that can reasonably be drawn therefrom must be read in the light most favorable to the nonmoving party. *Id.*

If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed. R. Civ. P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

In ruling on a motion for summary judgment, the court is not obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Therefore, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the record specifically called to its attention by the parties. *Staats v. United States*, No. C-3-99-174, 2001 WL 1135056, *3 (S.D. Ohio Mar. 12, 2001), unreported; *Interroyal Corp. v. Sponseller*, 889 F .2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990).

## III.  LAW AND ANALYSIS

Defendants contend that summary judgment is appropriate in the instant case because Plaintiff's claims are barred by the doctrine of res judicata. ECF Dkt. #19 at 4-8. The Court agrees because Plaintiff had the opportunity to raise the instant claims when she filed the 2005 suit, but she failed to do so.

The Sixth Circuit Court of Appeals has aptly summarized the law pertaining to res judicata as follows:

> Pursuant to the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (citations omitted). For res judicata to apply, the following elements must be present:
>
>> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.
>
> *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir.1997).

*Bragg v. Flint Bd. of Educ.*,570 F.3d 775, 776 (6th Cir. 2009). Here, a final decision was entered on the merits of Plaintiff's case when the Ohio Court of Appeals remanded the case to the trial court for the entry of summary judgment. Thus, the first prong of the *Bittinger* test is satisfied. The second prong is satisfied because the parties to this suit are identical to the parties in the state law suit. *Compare* ECF Dkt. #1 *with* ECF Dkt. #19, Ex. A.

The third and fourth prong of *Bittinger* are in dispute. The Court must consider whether Plaintiff is raising claims that were raised or claims that should have been raised when she filed the 2005 suit. The Sixth Circuit has observed that the third and fourth prongs of the *Bittinger* test are closely related. *Holder v. City of Cleveland*, 287 Fed.Appx. 468, 470-71 (6th Cir.2008) quoting *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir.1981) ("In order for the third and fourth elements to be satisfied, 'there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action.' "). "Where the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Holder v. City of Cleveland*, No. 07-3484, 287 Fed.Appx. 468, 471 (6th Cir. 2008) quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir.2006).

The facts of the case at bar are essentially the same as the facts alleged in the second amended complaint in the 2005 suit. *Compare* ECF Dkt. #1 *with* ECF Dkt. #19, Ex. B. The facts alleged in the instant complaint unquestionably arise from the same transaction or series of transactions underlying the 2005 suit. Therefore, Plaintiff could have brought the claims alleged in the instant case when she filed the 2005 suit.

The Court specifically notes that Count Four of the instant suit is arguably the same claim as Count Four in the Second Amended Complaint in the 2005 suit. Both claims assert intentional infliction of emotional distress. The Court is not clear on Plaintiff's basis for claiming a Fourteenth Amendment Equal Protection claim based on intentional infliction of emotional distress. In other words, it is not clear whether Count Four in the instant suit is a state law claim or a federal claim.

In an attempt to avoid the entry of summary judgment, Plaintiff alleges that her claims are not barred by collateral estoppel:

> Defendants argue that, in light of the Fifth Appellate District s [sic] decision granting Summary Judgment based on statutory immunity, Plaintiff may not litigate the same claims that were at issue in the state case in federal court. **But that is not Plaintiff s [sic] intent.** Instead, Plaintiff will advance claims, such as those of Gender Discrimination under Title IX of the Civil Rights Act, Disability Discrimination under 42 U.S.C. § 1983, violation of Equal Protection under the 14th Amendment and Race Discrimination under 42 U.S.C. §200d [sic] and O.R.C. § 4112.01(9) [sic]. These claims have not yet been addressed by any court in prior proceedings.

ECF Dkt. #20 (emphasis added). Although Plaintiff makes this argument in the context of applying collateral estoppel, Defendants have moved for summary judgment on the basis of res judicata. *See* ECF Dkt. #19 at 4-8. Even so, the Court must not look to Plaintiff's intent. Rather, the Court must consider whether "the legal theory now sought to be advanced could have been advanced as a part of the original complaint." *See Mayer*, 556 F.2d at 79; *see also Sherman v. Ludington,* No. 91-3936, 1992 WL 158878 at *6 (6th Cir. 1992) ("The principle of federal res judicata is only concerned with whether the claims arise from the same operative facts, not with a particular party's intention regarding their use.").

Plaintiff further contends that a federal court can refuse to accord preclusive effect to a state court judgment if application of state preclusion law would violate due process. ECF Dkt. #20 at 10-11 citing *Rainey Bros. Const. Co., Inc. v. Memphis and Shelby County Bd. of Adjust.*, 967 F.Supp. 998, 1003 (W.D.Tenn.,1997). However, the issue in the case at bar is the application of the federal res judicata doctrine, not the application of state preclusion law. Therefore, *Rainey Bros.* is inapposite.

Plaintiff goes on to claim that res judicata does not bar litigation of a claim that could not have been asserted in a prior lawsuit. ECF Dkt. #20 at 11 citing *Franklin County Facilities*

*Authority v. American Premier Underwriters, Inc.*, 240 F.3d 534 (6th Cir. 2001). To that end, Plaintiff argues:

> Until recently, the right to advance constitutional claims under §1983 was severely limited. *Fitzgerald et vir v. Barnstable School Committe* [sic] *et al*, 504 F.3d 165 (1st Cir.2007)(in affirming the lower court, the court pointed out that the Supreme Court s [sic] precedents supported this conclusion); *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274 (1989); *City of Rancho Palos Verdes, Cal v. Abrams*, 544 U.S. 113 (2005). However, that was changed when the Supreme Court reversed previous school of thought and confirmed that the history of intertwining civil rights remedies supported keeping the courthouse doors open to hear constitutional claims. *Fitzgerald et vir v. Barnstable School Committe* [sic] *et al*, No. 07-1125, decided January 21, 2009.
>
> Plaintiffs recognized from the outset, in 2005, what the First Circuit unquestioningly delineated in 2007. However, in light of the Supreme Court s [sic] change of tack in *Fitzgerald*, Plaintiffs, in the interests of justice and fundamental fairness, should now be allowed to assert these claims that have not previously been determined.

ECF Dkt. #20 at 10-11. Plaintiff fails to meet its reciprocal burden of showing the necessity of a trial. The foregoing argument does not explain why Plaintiff was foreclosed from filing her particular federal claims in 2005. Plaintiff does not explain how *Fitzgerald* applies to her case. In other words, this Court is left to complete speculation as to why Plaintiff's case is different from any of the other §1983 cases that are routinely filed in Federal Courts. Plaintiff's argument is so general that it appears to apply to all § 1983 claims. Plaintiff makes no attempt to explain why she failed to raise her Title IX claim, her 42 U.S.C. §2000d claim or her state law claim pursuant to "4112.01(9)", which obviously could have been raised in 2005.

It appears that Plaintiff contends that she believed she was not able to pursue federal claims in 2005 based on the First Circuit Court of Appeals' decision in *Fitzgerald*, 504 F.3d 165 because her brief states:

> **Until recently, the right to advance constitutional claims under §1983 was severely limited.** *Fitzgerald et vir v. Barnstable School Committe* [sic] *et al*, **504 F.3d 165 (1st Cir.2007)**(in affirming the lower court, the court pointed out that the Supreme Court s [sic] precedents supported this conclusion); *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274 (1989); *City of Rancho Palos Verdes, Cal v. Abrams*, 544 U.S. 113 (2005).

ECF Dkt.#20 at 10 (emphasis added). Plaintiff's argument presents two discrepancies. First, when the U.S. Supreme Court decided *Fitzgerald*, it resolved a circuit split regarding whether a claim under Title IX precludes recovery under §1983. **Presuming** that Plaintiff is arguing that Title IX

foreclosed her from filing §1983 claims, the Court notes that Plaintiff did not assert either a Title IX claim or a §1983 claim in 2005. Therefore, there is no merit to Plaintiff's contention that one claim foreclosed the another in 2005 and that due process concerns now overcome the need to apply res judicata in this case.

Second, the Court fails to see how Plaintiff could view the First Circuit's decision in *Fitzgerald* (2007) as preclusive. The case was decided after Plaintiff filed the 2005 suit. Further, the law in the Sixth Circuit was dramatically different from *Fitzgerald* (2007) at the time Plaintiff filed the 2005 suit. In fact, the U.S. Supreme Court granted certiorari in *Fitzgerald* to "resolve a conflict among the Circuits" that existed in 2009. 129 S.Ct. at 793. The *Fitzgerald* Court noted that some circuits viewed a Title IX cause of action as preclusive of §1983 and others did not. *Fitzgerald*, 129 S.Ct. at 793. In citing Circuits where Title IX claims and § 1983 claims could be pursued contemporaneously, the *Fitzgerald* Court cited the Sixth Circuit's decision in *Communities for Equity v. Michigan High School Athletic Ass'n*, 459 F.3d 676, 685 (6th Cir. 2006). The Sixth Circuit observed in *Communities for Equity* that precedent dating back to 1996 acknowledged that a plaintiff could pursue both Title IX and §1983 claims: "The *Lillard* court concluded that, in contrast to the statutes at issue in *Sea Clammers* and *Smith*, Title IX contains no comprehensive enforcement scheme indicating that Congress intended to preclude recovery under § 1983. *Id.*" citing *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 723 (6th Cir.1996)." *Communities for Equity*, 459 F.3d at 685. Therefore, the Court sees no reason that Plaintiff could not have pursued its federal claims in a state court or Federal District Court within the Sixth Circuit in 2005. Accordingly, Plaintiff's claims are barred by the doctrine of res judicata and there is no genuine issue of material fact necessitating a trial on the merits.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment. ECF Dkt. #19. Plaintiff's complaint is dismissed in its entirety with prejudice.

Date: February 11, 2010        */s/  **George J. Limbert***
                                GEORGE J. LIMBERT
                                UNITED STATES MAGISTRATE JUDGE